*Muir & Wickliffe, for appellants.*

*Girgsby, for appellees.*

---

JAMES M. BOWMAN ET AL. *v.* H. R. TANKLIN & SON.

**Fraudulent Conveyances—Preference of Creditors.**

Where an insolvent debtor had no property, except a house and lot, that could be reached by his creditors, and he conveyed that to a favored creditor, making no provisions for any one else, the transaction comes within the statute against fraudulent conveyances.

APPEAL FROM FLEMING CIRCUIT COURT.

January 23, 1874.

OPINION BY JUDGE LINDSAY:

It is evident that this is a proceeding under the provisions of the act of 1856. No charge of actual fraud is made. The ground of complaint is the attempt upon the part of John N. Bowman to prefer one or more creditors to the exclusion of others, it being charged that this attempt was made in contemplation of insolvency. The answer does not controvert the material facts from which the conclusion that the intention of the conveyance was to prefer James M. Bowman, was drawn. In fact, the conveyance shows upon its face that such was the intention. The denial of the insolvency of John N. at the time it was executed, is insufficient. The charge is that he was then "wholly insolvent." It is denied that he was "wholly insolvent." Importance is thus attached to the superfluous and unnecessary objection. If he was practically insolvent, if he had no property, except the house and lot, that could be reached by his creditors through the ordinary remedies provided by law for the benefit of creditors, and he conveyed this house and lot to a favored creditor, making no provision for anyone else, the court had the right, in fact, was bound to conclude that the transaction came within the inhibitions of the act to prevent fraudulent conveyances, and should have proceeded as directed by that act. It was error, however, to declare the deed void, and subject the property to the payment of the debt of Franklin & Son, thereby giving them the very advantage the act of 1856 was intended to provide against. For this error the judgment is reversed and the cause remanded for further proceedings as herein indicated.

*Phister, for appellants.*

*Given, Johnson, for appellees.*